FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 APR 30 PM 1:29

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| HERMAN T. NIXON, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | |
| | } | 97-AR-1888-S |
| TRIANGLE WIRE AND CABLE, | } | |
| INC., | } | |
| | } | |
| Defendant. | } | |

ENTERED

APR 30 1999

**MEMORANDUM OPINION**

The court begins with an apology to plaintiff's counsel for the uncomplimentary order entered court on August 10, 1998, saying, *inter alia*, "that plaintiff has been dilatory." This court has itself been dilatory in its consideration of defendant's motion for summary judgment filed on September 28, 1998. The motion fell through the proverbial crack.

Herman T. Nixon ("Nixon") filed a three-pronged complaint against his former employer, Triangle Wire and Cable, Inc. ("Triangle"). Nixon claimed that his termination was motivated (1) by his race (black), (2) by the erroneous perception that he is HIV positive, and (3) in retaliation for his EEOC activity. He invoked Title VII and 42 U.S.C. § 1981 for his race and retaliation claims and the Americans With Disabilities Act for his claim of employment discrimination based on a perceived disability. On

1



October 8, 1997, almost a year before Triangle's Rule 56 motion was filed, the court entered its routine "Special Order In Cases Of Disparate Treatment Employment Discrimination In Which More Than One Proscribed Motivational Factor Is Alleged." That order, by its terms, has no bearing on Nixon's alternative or dual claims of race discrimination and retaliation, but it does have significance on his alternative or dual claims of race discrimination and disability discrimination. Nixon made no timely response to that order, meaning, at least in theory, that he was proceeding on a claim of "intersectional" discrimination aimed at him as a member of a discrete protected group composed of black persons with a perceived disability.

Nixon has done himself a favor by abandoning his claim of race discrimination.   Triangle, on the other hand, has done Nixon a favor by convincing this court to grant summary judgment against Nixon's attempt to present a disability claim which is both in contravention of the scheduling order and is not supported by any evidence to cover its essential elements.  The elimination both of the claim of race discrimination and of the claim of disability discrimination renders moot the above-mentioned "Special Order" on intersectional discrimination.

Although the evidence is as thin as prison soup in support of Nixon's claim of retaliation, the court is not prepared under Rule 56, F.R.Civ.P., analysis to preclude such a claim by Nixon. The

court will await the evidentiary nuances that may emanate from the witnesses at trial.   There is still a possibility that Nixon can make out a jury question of retaliation as a motivation for discharging him.   This is, also, one of those rare cases in which a *Mt. Healthy* defense is worth pursuing.   A defendant's motion for judgment as a matter of law pursuant to Rule 50(a), F.R.Civ.P., at the end of the evidence may or may not do the trick for defendant.

The court need not write an elaborate opinion.   Instead, the court hereby INSTRUCTS the Clerk to file the briefs submitted by the parties in support of and in opposition to Triangle's motion for summary judgment. The court hereby ADOPTS both the undisputed facts pointed out by Triangle and the conclusions of law that Triangle would have the court reach, that is, EXCEPT for Triangle's "would-be" conclusion that Nixon has not presented enough evidence to create a dispute of material fact for establishing a violation of Title VII and § 1981 under a theory of retaliation.

An appropriate separate order will be entered.

DONE this ___30th___ day of April, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE